IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| v. | : | NO. 06-cv-1024-JPG |
| REAL PROPERTY LOCATED AT 213 NORTH MAIN STREET, INA, JEFFERSON COUNTY, ILLINOIS, AND ALL ATTACHMENTS, IMPROVEMENT, AND APPURTENANCES THERETO, | : | |
| DEFENDANT. | : | |

## JUDGMENT AND DECREE FOR FORFEITURE

A default having been entered as to George A. Chavez, and all interested parties in the above case on the 30th day of August, 2007, [Doc. No. 19], all in accordance with Rule 55 of the Federal Rules of Civil Procedure, and counsel for plaintiff having requested judgment against said defaulted defendants and having filed a proper motion as to the requested relief;

On the 15th day of December, 2006, a Verified Complaint for Forfeiture against the defendant, more further described as:

> **Real property located at 213 North Main Street, Ina, Jefferson County, Illinois, and all attachments, improvements, and appurtenances, more particularly described as follows:**
>
> **Lot 25- 008 of the Newell, Hayse and Deason addition to the Village of Ina, as platted and recorded in Plat Record 2, Page 8 in the Office of the Recorder of Jefferson County Illinois.**
>
> **Parcel Identification No. 15-20-355-008**

was filed on behalf of the plaintiff, United States of America. The Complaint alleges that said real property constitutes property which was used or intended to be used, in any matter or part, to commit, or to facilitate the commission of, a violation of Subchapter 1 of Title 21 of the United States Code as

well as the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of a thing of value furnished by a person in exchange for a controlled substance.

It appearing that process was fully issued in this action and returned according to law;

That pursuant to 18 U.S.C. § 985, the United States Marshal for this District posted a copy of the Notice for Complaint for Forfeiture Against Real Property and a copy of the Verified Complaint for Forfeiture on the defendant property on February 20, 2007;

That on June 6, 2007, June 13, 2007 and June 20, 2007, notice of this action was published in the Southern Illinoisan newspaper; the Certificate of Publication was filed with this court on July 3, 2007 [Doc. No. 16];

That George A. Chavez and all interested parties were defaulted on August 30, 2007 [Doc. No. 19].

Now, therefore, on motion of the plaintiff, United States of America, for a Judgment and Decree of Forfeiture, the property, more further described as:

> **Real property located at 213 North Main Street, Ina, Jefferson County, Illinois, and all attachments, improvements, and appurtenances, more particularly described as follows:**
>
> **Lot 25- 008 of the Newell, Hayse and Deason addition to the Village of Ina, as platted and recorded in Plat Record 2, Page 8 in the Office of the Recorder of Jefferson County Illinois.**
>
> **Parcel Identification No.15-20-355-008.**

is hereby ordered forfeited to the United States of America and no right, title or interest in the property shall exist in any other party except as stated below. The defendant property shall be disposed of according to law by the United States Marshal.

The Court finds that under the "relation-back" doctrine codified in 21 U.S.C. Sec. 853(c), all

right, title, and interest in the subject matter property vested in the United States upon the commission of the act giving rise to forfeiture and that in the instant case, said date that the property vested in the United States was no later than October 13, 2003, when the property was conveyed to George Chavez to pay a drug debt. The Court finds that said property is therefore exempt from any real estate taxation from said date of October 13, 2003 until such date that the property is transferred from the United States to an owner who is not exempt from taxation. This Court retains jurisdiction to determine any and all issues regarding any real estate taxes imposed on the property prior to the date of this instant order, and no tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall take any steps to collect said taxes or enforce said tax liens, except as specifically authorized by an Order issued by this District Court after prior notice to the United States and a hearing. This Court specifically orders that no such tax purchaser, tax certificate holder, taxing authority, or any other person or entity shall commence state court tax deed proceedings and notices unless specifically authorized by this District Court after prior notice to the United States and a hearing. The United States shall record this instant Order as a means of providing notice of this prohibition and shall mail a copy to the State's Attorney of Jefferson County, Illinois, as the attorney for the taxing authorities.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of the plaintiff, United States of America, and against the defendant as described above.

**DATE: March 17, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**